IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-314-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MCCOY JORDAN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

On November 18, 2010, pursuant to a plea agreement [D.E. 29], McCoy Jordan, Jr. ("Jordan") pleaded guilty to conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846. See [D.E. 29] 3; [D.E. 23]. On April 5, 2011, the court held Jordan's sentencing hearing. See [D.E. 31]. At the hearing, the court adopted the facts contained in the Presentence Investigation Report ("PSR") and ruled on Jordan's objections. See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Jordan's total offense level to be 27, his criminal history category to be II, and his advisory guideline range to be 78 to 97 months. See [D.E. 31]. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Jordan to 78 months' imprisonment. See id. Jordan did not appeal.

On November 12, 2014, Jordan filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 33]. On November 17, 2015, Jordan filed a memorandum in support. See [D.E. 38]. On December 18, 2015, the government responded. See [D.E. 41]. Jordan's new advisory guideline range is 63 to 78 months' imprisonment based on a total offense level of 25 and a criminal history category of II. See Resentencing Report. Jordan requests a 63-month sentence. See [D.E. 38] 1.

The court has discretion to reduce Jordan's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Jordan's sentence, the court finds that Jordan engaged in a serious conspiracy to possess with the intent to distribute 500 grams or more of cocaine. See PSR ¶¶ 6–9. Jordan was accountable for over five kilograms of cocaine. See id. Nonetheless, Jordan has engaged in some positive behavior while incarcerated on his federal sentence. See [D.E. 38].

Having reviewed the entire record and all relevant policy statements, the court finds that Jordan received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Jordan's sentence would threaten public safety in light of his serious criminal conduct. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Jordan's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Jordan's motion for reduction of sentence [D.E. 33] is DENIED.

SO ORDERED. This 29 day of June 2016.

JAMES C. DEVER III
Chief United States District Judge